**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CALVIONA LYNISE BROWN** | **CIVIL ACTION** |
| **VERSUS** | **NO:    25-1902** |
| **EPIC FEDERAL CREDIT UNION ET AL** | **SECTION: "I" (4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) to address non-dispositive pretrial matters and for the submission of Proposed Findings and Recommendations.

**I.    Background**

On September 15, 2025, Plaintiff filed her complaint asserting various federal claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), Americans with Disabilities Act (ADA), Fair Credit Reporting Act (FCRA), Fair Debt Collection Practices Act (FDCPA), Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, 42 U.S.C. § 1983, Fourth Amendment, and Fourteenth Amendment. R. Doc. 1 at 4, 8. Plaintiff named EPIC Federal Credit Union ("EPIC"), Brittany Johnson, Experian Information Solutions, Inc., Trans Union LLC, Jade Ealy, High Level Hearing Technology, LLC ("High Level"), Dr. Lana Joseph, and Equifax, Inc. as Defendants. *Id.* at 2-3.

Plaintiff first alleged that Brittany Johnson, as an agent of EPIC, trespassed, issued sexual threats, and repossessed her vehicle. R. Doc. 1 at 7. She also claimed that EPIC Federal Credit Union obtained a garnishment judgment against her. R. Doc. 1 at 7. She further alleged that her employer, High Level, through Dr. Lana Joseph and Jade Ealy, violated Title VII by concealing the judgment and garnishing her wages while she was in a coma. *Id.* She further claimed that Lana

Joseph and High Level engaged in Medicaid Fraud for billing children without supervision. *Id.* at 8.

On January 2, 2026, the Court granted Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 28) pursuant to Fed. R. Civ. P. 15(a). R. Doc. 31. In the Amended Complaint, Plaintiff substantially narrows her claims and dropped Jade Ealy, High Level Hearing Technology, LLC, and Lana Joseph as Defendants.[1] R. Doc. 32 at 3-4. The amended complaint likewise omits all allegations against these parties.

**II.    Law and Analysis**

When the plaintiff seeks to dismiss a claim or a defendant, the plaintiff must file a notice of voluntary dismissal or a stipulation signed by all parties under Rule 41(a). *See* Fed. R. Civ. P. 41(a); *Williams v. Taylor Seidenbach, Inc.*, 958 F.3d 341, 345 (5th Cir. 2020); *Apac v. Garcia*, No. EP-24-cv-00268, 2024 WL 3984039, at *2 (W.D. Tex. Aug. 23, 2024).  In absence of such notice or stipulation, Rule 21 provides the proper mechanism for the Court to dismiss a party. Rule 21 asserts that "the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *see United States of America, ex rel. Doe v. Preferred Care, Inc.*, 326 F.R.D. 462, 463 (E.D. Ky. 2018).

Here, the amended complaint reflects Plaintiff's intent to no longer pursue claims against High Level Hearing Technology, LLC, Lana Joseph, and Jade Ealy because they are no longer listed as parties therein and the amended complaint omits all allegations against them. However, Plaintiff has not filed a notice of dismissal under Rule 41(a) signed by the parties. In the absence of a notice or stipulation, Rule 21 applies.

Applying Rule 21, there is no indication that these Defendants have been served or have made an appearance in the lawsuit, nor is there any indication that dismissal would prejudice the

---

[1] The issue raised by the Plaintiff's decision to drop parties is whether Federal Rule of Civil Procedure 41 or 21 applies.

remaining parties. Under these circumstances, the Court recommends dismissal of High Level Hearing Technology, LLC, Dr. Lana Joseph, and Jade Ealy pursuant to Rule 21.

Having determined that Rule 21 is the appropriate mechanism to dismiss these Defendants, the remaining issue is whether dismissal should be with or without prejudice. Courts generally find that when a party is dropped pursuant to Rule 21, that party is dismissed without prejudice. *See DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) ("When a Court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice."); *John S. Clark Co. v. Travelers Indem. Co.*, 359 F. Supp. 2d 429, 437 (M.D.N.C. 2004) ("Dismissal of a misjoined party under Rule 21 is without prejudice; a claim by or against such a party may be refiled as a separate suit."); 4 *Moore's Federal Practice* § 21.03 (Matthew Bender 3d ed. 2003).

Courts also consider the procedural posture of the case, prejudice to the defendants, and incurred litigation expenses. *See Nat'l Rifle Ass'n of Am. v. Ackerman McQueen, Inc.*, No. 3:19-cv-2074, 2021 WL 3022903, at *8 (N.D. Tex. July 16, 2021) (determining that dismissal of a defendant without prejudice is appropriate when the case is in its "early stages" and the parties would not incur further litigation expense); *Uniloc 2017, LLC v. Google LLC*, No. 2:18-cv-00502, 2019 U.S. Dist. LEXIS 155043, at *4-6 (E.D. Tex. Aug. 16, 2019) (finding a Plaintiff should be dismissed without prejudice when the case had been pending for six months and the Court imposed a scheduling order one month before the other plaintiff filed a motion to drop the party).

Here, the case is still in its early stages, as it is presently at the motion-to-dismiss stage and a scheduling order has not been entered. Likewise, as stated previously, the record reflects that High Level Hearing Technology, LLC, Lana Joseph, and Jade Ealy have not been served or otherwise participated in the litigation. As such, there is no indication that Defendants incurred

3

litigation expenses or would otherwise suffer prejudice if dismissed from the present action. For these reasons, the Court finds that dismissal without prejudice is appropriate.

### III.    <u>Conclusion</u>

Accordingly,

**IT IS RECOMMENDED** that Plaintiff Calviona Lynise Brown's claims against Defendants Jade Ealy, High Level Hearing Technology, LLC, and Lana Joseph be **DISMISSED WITHOUT PREJUDICE** pursuant to Fed. R. Civ. P. 21.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[2]

New Orleans, Louisiana, this 6<u>th</u> day of May 2026.

 

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[2]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.